■ S & D Thrift Stores, Inc., Respondent, v Con Edison, Also Known as Consolidated Edison of New York, Inc., Appellant. — In an action, *inter*

*alia,* to "cancel and discharge" a bill for electrical service, defendant Consolidated Edison appeals from an order of the Supreme Court, Kings County, entered March 24, 1980, after a jury trial, which dismissed its counterclaim for electrical service received but not paid for. Order reversed, on the law, with costs, and judgment is granted to Consolidated Edison on its counterclaim in the principal sum of $9,461.61 and the matter is remanded to Special Term for entry of an appropriate judgment. In connection with Con Edison's counterclaim to recover for electrical service received but not paid for, the Trial Justice instructed the jury that Con Edison had the burden of proving that the plaintiff was responsible for the tampering which had occurred to its electric meter. In effect, the court told the jury that Con Edison could not recover without such proof. This was error. Electrical service is supplied by Con Edison to its customers in accordance with its tariff, which establishes the exclusive terms and conditions under which such service is supplied. Such a tariff carries with it a presumption of fairness and is conclusive until modified by the Public Service Commission *(Murray v New York Tel. Co.,* 170 App Div 17, 25). The portion of the tariff relevant to the matter before us states that if for any reason an electric meter fails to register the full usage of service by a customer, the usage may be estimated by the company (Con Edison) and the customer billed accordingly. It does not require the utility to prove that the customer was the party responsible for the meter's failure to record the full amount of electrical usage on the premises. We note that plaintiff does not contest the fact that a jumper device was affixed to its electrical system which had the effect of diverting a portion of its usage so that it would not be recorded by the meter. By law, Con Edison must charge and receive payment for all electrical service provided (see Public Service Law, § 65, subd 2). Hence, we grant judgment to Con Edison on its counterclaim, as no reasonable conclusion other than that electricity was used and not paid for can possibly be reached. Lastly, we note that the trial court refused to charge the jury with subdivision 5 of section 165.15 of the Penal Law, which creates a presumption in criminal cases that where a meter had been tampered with, such tampering has been done by the person to whom the service was furnished. The forerunner of this section, section 1431-a of the former Penal Law has been held applicable to civil as well as criminal cases *(Eff-Ess, Inc. v New York Edison Co.,* 237 App Div 315), and we can see no reason to change that rule based on today's statute. Con Edison was entitled to a charge based on this section, and it was error for the court to decline its request. Damiani, J. P., Gibbons, Margett and Thompson, JJ., concur.