*2 OPINION OF THE COURT
Lawrence E. Kahn, J.
In this CPLR article 78 proceeding, the petitioner, Consumer Protection Board of the State of New York (CPB), seeks a judgment against the respondents, Public Service Commission of the State of New York (PSC) and Niagara Mohawk Power Corporation, annulling the PSC’s determination 80-25, wherein it found no basis for concluding that the actions of Niagara Mohawk Power Corporation led to an unreasonable extension of a power outage at Nine Mile Point Unit No. 1. The CPB asserts that it is entitled to the relief requested by reason that the PSC refused to conduct full evidentiary hearings. “[Tjo the extent that a hearing may have been discretionary, it was a violation of lawful procedure, arbitrarily [sic] and capricious, and an abuse of discretion not to hold evidentiary hearings in this instant.”
Initially, this court determines that the PSC was not statutorily required to hold evidentiary hearings before issuing its opinion. Subdivision 12 of section 66 of the Public Service Law provides in pertinent part that “the commission shall have the power to hold hearings concerning the propriety of any increased rate or charge for fuel costs”. Thus, the statutory language referred to by petitioner, while granting the PSC the discretion to hold such hearings, specifically does not mandate the holding thereof. Therefore, in order for the petitioner to be successful in the instant proceeding, it must establish that the PSC’s decision not to hold hearings was an abuse of discretion, arbitrary or capricious, or without any rational basis. (Matter of Pell v Board of Educ., 34 NY2d 222.) A review of the affidavits submitted herein establish that the staff of the PSC conducted extensive investigations whereafter all the parties hereto had an opportunity to discuss, analyze and object to the proposed findings. It is apparent that the petitioner submitted evidence to the commission, that lengthy studies were made and that there was no abuse of discretion by the commission in not holding a hearing (see Matter of Executone/Monroe County v Public Serv. Comm. of State of N.Y., 71 AD2d 138).
“Obviously this is a field where the scanty knowledge of the court can hardly be set up against engineering judg *3 ment[s] backed by a commission which has its own engineering experts *** This is an area of regulatory power where the judgment of the commission must necessarily be conclusive unless it clearly appears to be arbitrary or capricious; otherwise the courts would be assuming regulatory powers which belong to the commission alone.” (Matter of United States Tube & Foundry Co. v Feinberg, 7 AD2d 591, 595.) Accordingly, upon the specific finding that the respondent, PSC, was not required to hold hearings prior to its issuance of Opinion No. 80-25, and the further finding that its decision was not an abuse of discretion, arbitrary or capricious, or without rational basis, the petition shall be dismissed.