■ In the Matter of CAPITAL PROPERTIES Co., Petitioner, v PUBLIC SERVICE COMMISSION et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Service Commission which sustained backbilling of petitioner's account. Petitioner is a partnership which owns a multiple dwelling occupied by residential customers at 210 East 58th Street, New York, New York. The premises were managed by agents for petitioner. Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), supplied petitioner's building with electricity and gas. Due to a change in billing systems instituted by it, Con Ed failed to transfer petitioner's electric account to its new computerized billing system. As a consequence, petitioner's electric meter was not read monthly and no bills were sent to it

from April 9, 1973 until October 13, 1978. Monthly billing resumed in October, 1978. Con Ed calculated the amount due it by incorporating several readings taken of petitioner's meter by Con Ed's test bureau agents during the unbilled period plus actual readings made before and after that time to arrive at an estimate. Con Ed demanded $304,619.17 on June 4, 1979 for the unpaid electric bills. The demand was served in error on Wickhamshire Realty Corporation which did not own or manage the premises Wickhamshire demanded a hearing. Formal hearings were held before the Public Service Commission (commission) on September 30, 1980 and October 20, 1980 and it was then determined that petitioner was the true owner. Petitioner was substituted in the proceeding in place of Wickhamshire Realty Corporation. The administrative law judge found petitioner to be liable for the full amount plus late charges. On May 18, 1981, the commission adopted the conclusions reached by the administrative law judge. These were modified by order dated August 24, 1981 which excluded late payment charges from the amount declared due. Con Ed petitioned for a rehearing regarding the deletion of late payment charges. This was granted and by subsequent order, dated October 26, 1981, the late payment charges were reinstated by the commission. Petitioner seeks to set aside the determination alleging several errors, namely: failure to properly compute the amount due; error in not according petitioner residential customer status and a 24-month limitation on backbilling as provided for in section 118 of the Public Service Law; estoppel; improper imposition of late charges; error in exclusion of evidence; and a failure to support the determination by substantial evidence. Addressing the contentions *seriatim,* we find no error in Con Ed's computation of the amount due. Con Ed's filed tariff provides for estimation by the company on the basis of available data (PSC No. 8 — Electricity, Second Revised Leaf No. 16). Although the language of the tariff does not specifically cover the instant situation in that it contemplates instead a situation where a meter cannot be read, we interpret its import more broadly than petitioner and find the method used by Con Ed to be appropriate in calculating the amount due. Con Ed by law must charge and receive payment for all electrical service provided (see Public Service Law, § 65, subd 2; *S & D Thrift Stores v Con Edison,* 80 AD2d 581, mod 55 NY2d 1013) and the computation accomplishes that end. We find also that the commission properly denied petitioner "residential customer" status since the premises were not used for petitioner's own residential purposes. This conclusion is in accord with 16 NYCRR 90.5 which defines "residential customer" for purposes of consumer deposits to be "a customer who receives electric service to a dwelling unit which such customer uses for his residential purposes". Petitioner receives power under Service Classification No. 8, entitled "Multiple Dwellings-Redistribution" (PSC No. 8 — Electricity, Thirty-First Revised Leaf No. 55). Section 118 of the Public Service Law is, therefore, inapplicable on the question of recovery of the unpaid bill but rather CPLR 213 applies to limit the period of time to six years during which an action may be commenced to recover the debt. We find petitioner's attempt to build Con Ed's oversight in billing into an estoppel situation to be legally untenable. The cases cited by petitioner are inapposite. As previously noted, Con Ed is *obligated by law* to collect for electricity furnished in accordance with its rate schedule (Public Service Law, § 65, subd 2; § 66, subd 12; *S & D Thrift Stores v Con Edison, supra*). The billing procedure breakdown does not entitle petitioner to avoid payment on grounds of estoppel. As to late charges, petitioner contends that these are only authorized when a customer fails to pay a regular monthly billing. By the express terms of the tariff, late charges are to be applied to all amounts billed which are not timely paid. Con Ed is required to

collect all compensation specified in its rate schedule and this includes late charges computed from the time the tendered bill is due. Here the late charges commenced from the time the bill was submitted for the unpaid amounts and is proper. Regarding the issue of whether the determination is supported by substantial evidence, we find it is. Petitioner alleges that it should not be held responsible for the unpaid bill because the commission has forgiven or compromised a bill owing under similar circumstances. We reiterate that the basic premise determinative of the issues here is that a utility must charge and collect by law *full* compensation for electricity used as set by its rate schedule. Any deviations from such legal obligation are in contravention of law unless they fall within the exception of subdivision 12 of section 66 of the Public Service Law which, in part, provides: "No utility shall charge, demand, collect or receive a greater or less or different compensation for any service rendered or to be rendered than the rates and charges specified in its schedule filed and in effect; nor shall any utility refund or remit in any manner or by any device any portion of the rates or charges so specified, nor extend to any person any form of contract or agreement, or any rule or regulation, or any privilege or facility, except such as are regularly and uniformly extended to all persons under like circumstances." Con Ed did in fact have a policy for adjusting backbills where the failure to adequately bill resulted from a company deficiency. This procedure (Division Operating Procedure 3-0-30), permitted cancellation of backbills beyond one year prior to the date billed when the failure to bill was attributable to company deficiencies. The procedure is inapplicable where the customer fails to report circumstances to the company affecting billing when it is reasonable for the customer to have had knowledge of them. It was found here that petitioner knew or should have known of Con Ed's error and is, therefore, excluded from receiving any adjustment. We concur with such finding. The record leads to the inescapable conclusion that such finding is supported by substantial evidence. We further note that the exclusion of evidence of Con Ed's purported deviation from such a rule in another instance was proper since such evidence was not relevant. Determination confirmed, and petition dismissed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.