■ CONSOLIDATED ELECTRIC METER CO., INC., Appellant-Respondent, v PICACOLONY GROCERY CORP. et al., Respondents, and PHINART LEASING, INC., Respondent-Appellant. — Order, Supreme Court, New York County (Wolin, J.), entered on October 25, 1982, denying the plaintiff's motion for an order directing interim payments by the defendants and denying defendant Phinart Leasing, Inc.'s cross motion for summary judgment is unanimously modified, on the law, to grant plaintiff partial summary judgment for damages incurred to the date of the determination upon the assessment ordered herein, and is remanded for assessment of damages and is otherwise affirmed, with costs.

Plaintiff, an electric submetering company, buys electricity from Consolidated Edison at a Public Service Commission prescribed rate and resells it to users. Plaintiff has an exclusive agreement with the landlord of 450 Seventh Avenue to provide electric current to the tenants. Defendant Picacolony operates a restaurant at 450 Seventh Avenue and under the terms of its lease, agreed to purchase its electric current from the landlord or the landlord's designee. Approximately two weeks after Picacolony assumed the lease, it applied to plaintiff for the provision of electrical current. Defendant Wilsker has guaranteed Picacolony's payments under the lease and as such is liable for the electricity supplied to Picacolony. Defendant Phinart assumed the lease assigned to Picacolony, but contends that because it is not in occupancy of the premises and did not in fact use or expressly agree to purchase or pay for electricity it has no obligation to the plaintiffs. This action was commenced in February, 1982, seeking recovery of moneys due for electricity supplied to defendants at 450 Seventh Avenue. Defendants Picacolony and Wilsker's answer raises the affirmative defenses of unconscionability, fraud and adhesion. In addition, they have counterclaimed for damages under the Donnelly Act (General Business Law, art 22). Defendant Phinart's answer raises the defense that its assumption of the lease did not create any obligation to pay for electricity purchased by Picacolony. It has cross-claimed, seeking indemnification from Picacolony for any judgment obtained by plaintiff against it. Plaintiff sought an order below directing the defendants to make an interim payment of the amounts allegedly past due, and to pay the current monthly charges pending a determination of the action. Phinart cross-moved for an order dismissing the complaint. At the time this action was commenced, $25,958.97 was allegedly due plaintiff for electricity consumed by Picacolony. By the time the motion was made below, the accrued charges had increased to $64,675.79, and were increasing by about $8,000 per month. Plaintiff projected that by the time this litigation ran its course, the accrued bill could amount to approximately $200,000, and the failure to receive such sum would place it in financial jeopardy. In addition, plaintiff cited a history of difficulties with obtaining payments (late payments and checks returned for insufficient funds) as an indication that Picacolony may be having such financial difficulties as would raise serious doubt that any judgment rendered against it would be collectible. Special Term, treating the motion for interim payment as a motion for summary judgment, denied the motion, holding that the affirmative defenses and counterclaims asserted by defendants prevented it from determining, as a matter of law, whether plaintiff was entitled to the demanded payments. This was error and we reverse to the extent indicated. Defendants, even if they prevail on their defenses and counterclaims would still be liable for the fair value of the electricity supplied by plaintiff and used by them. (*Independent Elec. Light. Corp. v Brodsky & Co.,* 118 Misc 561; *S & D Thrift Stores v Con Edison,* 80 AD2d 581.) As indicated above, plaintiff buys the electricity it supplies to Picacolony from Consolidated Edison. It pays Consolidated Edison, in advance, at the service classification No. 4 rate which is the rate fixed by the Public Service Commission and set forth in Consolidated Edison's tariff. Such tariff carries with it a presumption of fairness and is conclusive until modified by the Public Service Commission. (*S & D Thrift Stores v Con Edison, supra,* at p 582.) And while defendants may not be required to pay the full electricity charges as billed which charges apparently include a profit to plaintiff, they are nevertheless liable to pay for the electricity they have consumed, at the rate which plaintiff pays Consolidated Edison as prescribed by the tariff approved by the Public Service Commission. "[R]eason and justice would seem to require the defendant to pay for the

property it was not entitled to receive without compensation." (*Independent Elec. Light. Co. v Brodsky & Co., supra,* p 563.) Accordingly, there should be an assessment to determine the amount due plaintiff for the electricity that has been supplied. Plaintiff shall have partial summary judgment to the date when that determination is made. Concur — Sullivan, J. P., Silverman, Bloom, Fein and Alexander, JJ.