■ In the Matter of WILLIAM TIMM, Appellant, v NEW YORK STATE PUBLIC SERVICE COMMISSION et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered March 26, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Service Commission sustaining the backbilling of petitioner's account by respondent Consolidated Edison Company of New York, Inc.

On March 12, 1981, a meter reader employed by respondent Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) entered petitioner's home in the Town of New Castle, Westchester County, to read the electric meter. The employee found the meter hung upside down, a position that could cause the meter to register in reverse proportion to the amount of electricity used in the home. The hooks on which the meter hung were observed to be worn down, indicating that the meter had been reversed many times. Wires were observed around the meter which appeared to divert electrical current away from the meter. The meter reading itself indicated that it was 50-kilowatt hours lower than it had been on February 9, 1981, the date of the last reading. This reduction would have been impossible without tampering. Apparently, the tampering consisted of turning the meter upside down and diverting electric current away from it, and then changing it to the upright position before the arrival of the meter reader and permitting it to advance slightly beyond the prior month's reading to indicate that at least some electricity was used by the household. Obviously the tamperer had failed to do this before the reading of March 12, 1981.

When this tampering was reported to Con Ed, petitioner's past readings and bills were investigated, and the investigation revealed that petitioner's electricity consumption had fallen drastically after July 9, 1976. By using the average per day metered consumption from July 10, 1975 to July 9, 1976, Con Ed computed petitioner's consumption of electricity from July 9, 1976 until March 12, 1981 at a total of $4,337.63 and backbilled petitioner for that amount of service.

Petitioner wrote a letter of complaint to respondent Public Service Commission (hereinafter the PSC) about the backbilling, suggesting that Con Ed's employee, Alfred LoMonaco, was responsible and that LoMonaco had been "subsequently con-

victed of fraud and extortion in an unrelated case". Petitioner requested that a monthly breakdown of the backbilling be provided him. The PSC investigated and found petitioner's complaint unfounded. An informal hearing held before a PSC Hearing Officer on December 2, 1981 resulted in a determination that Con Ed's backbilling was proper. Petitioner appealed this determination administratively and requested a full evidentiary hearing so that LoMonaco could be cross-examined. The PSC upheld the Hearing Officer's determination and denied petitioner's request for a formal hearing. Petitioner commenced this CPLR article 78 proceeding to annul the PSC's determination. Supreme Court dismissed the petition and petitioner appeals.

Petitioner's complaint to the PSC was filed pursuant to 16 NYCRR 12.1 (c). After the investigation by the PSC and its determination that Con Ed's backbilling was justified, petitioner requested an informal hearing pursuant to 16 NYCRR 12.5. When the Hearing Officer denied petitioner any relief, petitioner requested a full evidentiary hearing. Such a hearing is not required by statute or regulation. When a party appeals the decision after an informal hearing: "The [PSC] will decide the appeal and may uphold, change, reject or return the decision to the informal hearing officer or reviewer for additional consideration. If there is a factual or legal dispute, the [PSC] may order a formal evidentiary hearing on the complaint or make such other decision as it deems appropriate" (16 NYCRR 12.14 [b]).

Having determined that the Hearing Officer made no errors nor failed to consider any relevant facts and that there were no new facts to be considered, the PSC upheld the Hearing Officer's decision. This determination cannot be judicially disturbed if it has a rational basis (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). Although the PSC is allowed to hold full evidentiary hearings, it is not required to do so in these circumstances (*see, Matter of Consumer Protection Bd. v Public Serv. Commn.*, 110 Misc 2d 1). The determination of the PSC was rational in the circumstances. Since petitioner made no showing that LoMonaco's conviction for bribe taking in connection with a completely unrelated meter tampering incident was in any way linked to or affected the meter tampering at petitioner's residence, the denial of petitioner's request for a full evidentiary hearing was appropriate.

Furthermore, Con Ed properly backbilled petitioner for the meter tampering (*see, Matter of Capital Props. Co. v Public Serv. Commn.*, 91 AD2d 726) since petitioner was required to

pay the same amount for electricity as other similarly situated customers, or Con Ed would be in violation of Public Service Law § 65 (2). As to the method of computation used by Con Ed for backbilling, we find that method to be the most accurate inasmuch as the tampering by petitioner's household precluded an exact estimate. Supreme Court's judgment dismissing the petition should therefore be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.