■ In the Matter of GANSEVOORT HOLDING CORPORATION, as Successor to WASHINGTON REFRIGERATOR CORPORATION, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered September 21, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Service Commission finding that respondent Consolidated Edison Company of New York, Inc. had properly backbilled petitioner for past gas services.

Petitioner, a customer of respondent Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), was backbilled for gas service in the amount of $13,228.75. As a result, it filed a complaint with the Consumer Service Division (hereinafter CSD) of respondent Public Service Commission (hereinafter PSC) disputing the charges. It was determined by CSD that petitioner had been rendered low-estimated bills which Con Ed rebilled after an actual meter reading was made on March 20, 1985. Petitioner then requested a hearing, which was held on September 12, 1985. At the hearing, Con Ed provided microfilms of its business records in support of its claimed undercharge. Based thereon, a decision in favor of Con Ed was rendered. It was found that access notices were sent to petitioner on October 21, 1981, December 22, 1981, January 22, 1982, April 20, 1982 and June 21, 1984. Special appointments were made with petitioner to make an actual meter reading on February 24, 1982 and May 19, 1982 which it did not keep.

It was also noted that while Con Ed's operating procedures limited commercial backbilling to one year when backbilling was attributable to a utility's deficiency, there was an excep-

tion in circumstances where it had made efforts to obtain a reading but the customer had not provided access. It was held here that the bill was supported by an actual meter reading, that the exception applied to the instant matter and that Con Ed was entitled to the full amount due. Thereafter, petitioner examined the microfilm records to which it had not had previous access. Petitioner appealed the decision in favor of Con Ed and requested a new hearing. In November 1986, the PSC upheld the Hearing Officer's findings and denied the request for a new hearing.

Petitioner then commenced a CPLR article 78 proceeding seeking to annul the PSC's determination and to cancel all rebilled charges. Supreme Court remanded the proceeding to the PSC for a new informal hearing, holding that the failure to make available the microfilm records to petitioner violated the PSC's rules and regulations.

A new hearing was held on October 17, 1987 and November 18, 1987. The Hearing Officer reaffirmed the original findings and conclusions. The PSC upheld the Hearing Officer's decision and rejected petitioner's claim that because the doors to its building had been open during normal business hours, there had been no access problem. Petitioner requested a rehearing on the ground that the determination, based solely on microfilm records, was erroneous and that the PSC failed to consider petitioner's testimony that no access notices had been ever received by it. The PSC concluded that Con Ed's records, contained on microfilm, were correctly considered as business records. It also noted that in addition to the written notices, petitioner failed to keep two special meter-reading appointments. Based on this and on the fact that billing was on estimated usage throughout, the PSC concluded that petitioner knew or should have known of the billing problem. It was also noted that although it would be normal to expect that a utility would be able to locate and read a meter it had placed on the property, the unusual location of the meter in this case required Con Ed to request assistance from petitioner to gain access to it. (The meter was located on the building's rooftop, access to which was through a maze of corridors and doors.) As to the presence of a Con Ed employee on petitioner's premises, not assigned to meter reading, and his knowledge of the whereabouts of the meter, this was determined not to constitute notice thereof to Con Ed.

Petitioner then commenced this CPLR article 78 proceeding alleging that failure to find and read the meter was due to Con Ed's negligence and that the PSC's determination was

therefore unreasonable, confiscatory, in violation of State and Federal Constitutions, against the weight of the evidence and in excess of the jurisdiction, power and authority of the PSC. Supreme Court dismissed the petition, holding that the PSC's conclusion was rational. This appeal ensued.

There should be an affirmance. Our review herein is restricted to whether the PSC's determination had a rational basis (see, Matter of Timm v New York State Pub. Serv. Commn., 144 AD2d 139, appeal dismissed 74 NY2d 713). Where a full evidentiary hearing is not mandated by law, an administrative agency's determination is to be reviewed on a rational basis test. Here, neither the PSC's consumer complaint procedures nor statute mandate a formal evidentiary hearing (see, Matter of Consumer Protection Bd. v Public Serv. Commn., 110 Misc 2d 1). The PSC considered all the evidence presented by petitioner and Con Ed and found petitioner's contentions and evidence unconvincing. It is the agency's role to weigh conflicting evidence and to assess the credibility of witnesses (see, Matter of Silberfarb v Board of Coop. Educ. Servs., 60 NY2d 979).

The PSC resolved the factual issues against petitioner. We find that the evidence was sufficient to support Con Ed's claim of compensation due for gas service. There is no contention that the meter reading of actual gas use was in error. Rather, petitioner contends that Con Ed's backbilling, in accordance with its own procedures, should be limited to one year. We disagree. Con Ed has adopted certain operational procedures. Their applicability is restricted to given circumstances. Under Public Service Law § 65 (2), it is required that a gas company demand and collect full compensation for gas service as specified in its rates and charges as in the public interest (see, Public Service Law § 65 [2]).

The reason for the backbilling in this case was not ascribable to any company deficiency as defined in Con Ed's operational procedures. Rather, the circumstances fall within the procedures which provide that backbilling is not subject to any time limitation if Con Ed underestimates the bill and has made efforts to obtain a reading, but the customer did not provide access or when the customer knew or reasonably should have known of the estimated billing problem. The PSC properly determined that there was no time limit to Con Ed's backbilling of petitioner. Deference should be given to the judgment and expertise of the PSC (see, Matter of Campo Corp. v Feinberg, 279 App Div 302, affd 303 NY 995).

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.