■ ROCHESTER GAS & ELECTRIC CORPORATION, Respondent, v GREECE PARK REALTY CORPORATION, Defendant, and PARK MALL ASSOCIATES, Appellant. [600 NYS2d 985] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff seeks to recover against defendants Greece Park Realty Corporation (Realty) and Park Mall Associates (Park) for unmetered electrical service provided to the Greece Park Outlet Mall (Mall) for the period from January 1, 1985 to February 7, 1990. Realty owned the Mall until October 8, 1985, at which time Park acquired title. Supreme Court denied the parties' motions for summary judgment and then, invoking the doctrine of primary jurisdiction, stayed the action pending defendants' filing of a complaint with the Public Service Commission (PSC) and the PSC's final determination of the administrative proceeding. Park alone has appealed.

Supreme Court erred in referring the matter to the PSC under the doctrine of primary jurisdiction. "The doctrine of primary jurisdiction 'applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body * * * ' *(United States v Western Pac. R. R. Co.,* 352 US 59, 64 * * *)" *(Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 156). The issues involved in this action do not require the special competence of the PSC. There is no challenge to the relevant PSC regulations (16 NYCRR part 13). The issues are only whether those regulations apply as a matter of law and, if so, whether and for what period of time plaintiff is entitled to

recover for the unmetered service. Because of the absence of technical administrative questions, resort to the doctrine of primary jurisdiction was unnecessary *(see, People v Port Distrib. Corp.,* 114 AD2d 259, 266-267; *see also, Missionary Sisters of Sacred Heart v Meer,* 131 AD2d 393, 395; *State of New York v Winter,* 121 AD2d 287, 289; *see generally, Hewitt v New York, New Haven & Hartford R. R. Co.,* 284 NY 117, 125; *Leitner v New York Tel. Co.,* 277 NY 180, 189).

There is no merit to Park's contention that plaintiff may not recover because it failed to adhere strictly to the PSC's backbilling regulations. Pursuant to Public Service Law § 65 (2), plaintiff is obligated to charge and to collect full compensation for electrical service. Plaintiff would be in violation of that statutory duty if it failed to pursue recovery for utility services furnished, irrespective of whether it did so through administrative or judicial proceedings *(see, Consolidated Edison Co. v Jet Asphalt Corp.,* 132 AD2d 296, 301-302; *see also, Matter of Timm v New York State Pub. Serv. Commn.,* 144 AD2d 139, 140-141, *appeal dismissed* 74 NY2d 713; *Matter of Capital Props. Co. v Public Serv. Commn.,* 91 AD2d 726).

The PSC's regulations, however, may limit the extent of plaintiff's recovery. If plaintiff's failure to bill for the unmetered service occurred through its own negligence, that would not entirely bar recovery *(see, Consolidated Edison Co. v Jet Asphalt Corp., supra; Matter of Capital Props. Co. v Public Serv. Commn., supra),* but the period of recovery would be limited to 12 months (16 NYCRR 13.1 [19]; 13.9 [c] [1]). If the failure to bill was not attributable to plaintiff and it is determined that Park did not know and had no reason to know of the unmetered service, plaintiff could then recover for 24 months of unmetered service *(see,* 16 NYCRR 13.9 [c] [2]). If it is determined that Park knew or reasonably should have known of the underbilling, and there is no negligence attributable to plaintiff, the PSC's regulations, incorporated in plaintiff's tariff, would not limit the period for which plaintiff may recover for the unmetered service *(see, Matter of Gansevoort Holding Corp. v Consolidated Edison Co.,* 167 AD2d 648, 650; *Consolidated Edison Co. v Jet Asphalt Corp., supra).* Because of those issues of fact, the motions for summary judgment were properly denied. Moreover, the amount that plaintiff may recover for the appropriate period is also an issue for the finder of fact.

Questions of fact also preclude summary judgment dismissing plaintiff's causes of action for unjust enrichment and the fraudulent obtaining of electrical service. Park's conclusory

allegations that it cannot now be reimbursed by those who were tenants during the unbilled period, thereby making restitution inequitable, are insufficient to warrant entitlement to dismissal of the unjust enrichment cause of action *(see, Consolidated Edison Co. v Jet Asphalt Corp., supra; see also, Zuckerman v City of New York,* 49 NY2d 557). Plaintiff's cause of action alleging fraudulent obtaining of electrical service is premised on the statutory presumption that Park knowingly accepted unmetered electrical service *(see,* Penal Law § 165.15 [6]; *S & D Thrift Stores v Con Edison,* 80 AD2d 581, *mod on other grounds* 55 NY2d 1013; *Eff-Ess, Inc. v New York Edison Co.,* 237 App Div 315). Whether Park produces sufficient proof to overcome that presumption must await determination by the trier of fact.

The order appealed from is modified by striking the second ordering paragraph thereof. (Appeal from Order of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.