■ In the Matter of Sol Lefkowitz, Doing Business as Lefkowitz Summer Homes, Appellant, v Public Service Commission of the State of New York, Respondent. [912 NYS2d 307]—

Stein, J. Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered November 4, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding that New York State Electric & Gas had properly billed petitioner for prior electrical services.

Petitioner owns a seasonal bungalow colony consisting of 55 cottages in the Village of Monticello, Sullivan County. In 1999, New York State Electric & Gas (hereinafter NYSEG), the utility that provides electrical service to the colony, replaced one of the two meters installed there. The new meter purposely registered only a fraction of the colony's actual electrical usage. In this case, it was determined that the meter only registered 1/40 of the actual usage. Accordingly, in order to calculate the usage for

billing purposes, NYSEG was supposed to adjust the meter reading by multiplying it by a "meter multiplier" of 40. In October 2003, NYSEG discovered that it had been applying a multiplier of one to the meter readings since the meter's installation, resulting in petitioner being underbilled for the time period of May 1999 until October 2003. Pursuant to 16 NYCRR 13.9 (c) (1), NYSEG was only allowed to bill petitioner for the 12 months prior to discovering its error, resulting in a bill of $3,217.01 for the time period of October 2002 to October 2003.

Petitioner complained to the Department of Public Service's Office of Consumer Services, which tested the meter in question and determined that the meter reading was accurate and that the adjusted bill for services was correct. Thereafter, petitioner requested and was granted an informal hearing, at the conclusion of which the Hearing Officer determined that, pursuant to 16 NYCRR 13.9 (b) (4), NYSEG had forfeited its right to bill petitioner for the prior usage and directed that the bill for such service be deleted from petitioner's account. NYSEG appealed and respondent reversed, finding, among other things, that the bill for prior service was not precluded by 16 NYCRR 13.9 (b) (4). Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination. Supreme Court dismissed the petition, prompting this appeal.

We affirm. "[T]he interpretation given to a regulation by the agency which promulgated it and is responsible for its administration is entitled to deference if that interpretation is not irrational or unreasonable" (*Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549 [1997]; *accord Matter of Association of Cable Access Producers v Public Serv. Commn. of State of N.Y.*, 1 AD3d 761, 763 [2003], *lv denied* 2 NY3d 705 [2004]). 16 NYCRR 13.9 (b) (4) provides that "[a] utility shall not render a backbill for any underbilling when the reason for the underbilling is apparent from the customer's service application, or could have been revealed in a service application and the utility failed to obtain and retain one." Here, petitioner contends that NYSEG's failure to obtain or retain his service application precludes it from billing him for any prior alleged underpayment. We note, however, that NYSEG was not required to obtain a written service application from petitioner (*see* 16 NYCRR 13.2 [a] [3]). Further, there is no evidence that NYSEG's internal failure to multiply the meter reading by the assigned multiplier would have been revealed in a service application (*see* 16 NYCRR 13.2 [b] [2]). Nor has petitioner presented any proof that an inspection of the meter itself would have revealed NYSEG's billing errors (*see* 16

NYCRR 13.2 [b] [6]). Accordingly, we conclude that respondent's determination in favor of NYSEG was not irrational or unreasonable under these circumstances.

We also reject petitioner's contention that the amount of the bill was not commensurate with his electrical usage during the time in question. Inasmuch as a full evidentiary hearing was not mandated by law, the test is whether respondent's determination has a rational basis (see *Matter of Timm v New York State Pub. Serv. Commn.*, 144 AD2d 139, 140 [1988], *appeal dismissed* 74 NY2d 713 [1989]). There is evidence in the record here that both the Office of Consumer Services and NYSEG conducted tests on the meter in 2004 and found that the meter was accurately reflecting petitioner's electrical usage. Petitioner does not offer any evidence that the meter was faulty, but bases his claim on his allegation that the amount of his adjusted bill, which was for usage for the 2003 season when only 10 cottages were rented, was similar to his bills from 1997 and 1998, when all 55 cottages were rented. Petitioner did not produce the electrical bills from this time period or any other proof of what he paid NYSEG and supports his claim solely on information purportedly gleaned from his tax returns for the years in question. In any event, according due deference to the weight given by respondent to conflicting evidence (see *Matter of Gansevoort Holding Corp. v Consolidated Edison Co. of N.Y.*, 167 AD2d 648, 650 [1990]) and considering the uncontested evidence in the record that the meter was tested and found to be functioning properly, we conclude that respondent's determination—that the recalculated bill was based upon an accurate reading of petitioner's electrical usage from October 2002 to October 2003—was rational.

Petitioner's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Peters, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.