■ In the Matter of DONNA SILVERMAN, Appellant, et al., Petitioner, v NEW YORK STATE WORKERS' COMPENSATION BOARD et al., Respondents. [957 NYS2d 754]—

Stein, J.

We affirm. Pursuant to Workers' Compensation Law § 24-a, the Board may issue licenses to nonattorneys to appear before the Board "in accordance with the rules established by it"

(Workers' Compensation Law § 24-a [1]). Licensed representatives are a unique statutory creation in that—despite the fact that they are not attorneys—they are permitted to represent claimants before the Board (*see* Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 24-a). Importantly, the applicable regulations require that a licensed representative have "a competent knowledge of the law and regulations relating to workers' compensation matters and the necessary qualifications to render service to his or her client" (12 NYCRR 302-1.2 [a] [6]; *see* 12 NYCRR 302-1.4), and permit the Board, in its discretion, to require an applicant for renewal of a license to submit to an oral review to demonstrate such knowledge (*see* 12 NYCRR 302-1.4).

Here, during petitioner's oral review, the Board questioned her regarding her knowledge of the February 2010 full Board decision in *Employer: American Axle* (2010 WL 2417972, 2010 NY Wrk Comp LEXIS 2560 [Feb. 4, 2010]), which established specific guidelines to be followed by claimants in order to demonstrate their attachment to the labor market for purposes of obtaining workers' compensation benefits. In the Board's view, petitioner's responses to such inquiry demonstrated that she was not familiar with the implications of that case, despite the fact that it had been cited in at least three adverse determinations issued to petitioner's clients prior to her oral review. Upon our examination of the record, we cannot say that the Board's conclusion was without a rational basis. Nor can we say, given the potential impact to petitioner's clients of the *American Axle* case, that her lack of familiarity therewith is inconsequential.

We similarly find adequate support in the record for the Board's determination that petitioner failed to disclose a partnership relationship with Silverman as required by 12 NYCRR 302-2.3. In reviewing such determination, we accord some deference to the Board's interpretation of its own regulations (*see Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549 [1997]; *Matter of Lefkowitz v Public Serv. Commn. of the State of N.Y.*, 77 AD3d 1043, 1044 [2010]) and, contrary to petitioner's contention, the Board is not limited to the definition of partnership contained in the Partnership Law. In determining whether a partnership exists, no one factor is controlling, and the Board could properly consider the overall relationship between petitioner and Silverman "in terms of their express or implied intent to exercise joint control and management of the business and to share its profits and losses" (*Sterling v Sterling*, 21 AD3d 663, 665 [2005] [internal citations omitted]).

The record here reflects that, not only did petitioner and Silverman share office space, skill and knowledge and cover for each other at hearings on behalf of their respective clients, Silverman also represented most of petitioner's clients before the full Board without remuneration. While there was some evidence to support a contrary conclusion, viewing the business relationship between petitioner and Silverman as a whole, we find sufficient grounds for the Board's determination that a partnership existed, which petitioner did not disclose to the Board. Upon our review of the record in its entirety, we are therefore satisfied that the Board's decision to deny renewal of petitioner's license had a rational basis and was not arbitrary and capricious (*see generally Matter of Raymond Hadley Corp. v New York State Dept. of State*, 86 AD3d 899, 900 [2011]), and we discern no reason to disturb it. Accordingly, Supreme Court properly dismissed the petition.

Peters, P.J., Rose and Egan Jr., JJ., concur.

Malone Jr., J. (dissenting). I do not agree that the decision of the Workers' Compensation Board to deny the license renewal application of petitioner Donna Silverman (hereinafter petitioner) has a rational legal basis, so I would reverse Supreme Court's judgment, grant the petition and annul the Board's determination.

The Board's conclusion that petitioner—who had been a licensed workers' compensation representative with multiple license renewals for 28 years—lacked competent knowledge of the Workers' Compensation Law was based upon its dissatisfaction with her answers to just a few questions posed by the Board panel during her oral interview, inquiring about what advice she gives to claimants regarding their search for work. The questions were obviously intended to assess her knowledge of the Board's decision in *Employer: American Axle* (2010 WL 2417972, 2010 NY Wrk Comp LEXIS 2560 [Feb. 4, 2010]). That decision enumerated several specific measures, at least one of which a claimant must take and document to demonstrate attachment to the labor market. Importantly, the questions were, without exception, poorly worded and nonspecific, to the point of vagueness. Nevertheless, petitioner did accurately describe the measures that a claimant must take and document to demonstrate an independent job search and connection to the labor market; she correctly indicated that she would advise a claimant to register with both the Department of Labor and with employment agencies. Although her responses were not what the Board apparently sought, the unartfully phrased, ambiguous questions posed to her did not elicit more detailed responses, and clearly

did not establish that she lacked knowledge of either the Workers' Compensation Law generally, or *American Axle* specifically. In fact, the questioning Commissioner's response to petitioner's correct answer was itself incorrect.

Secondly, I find that the Board's decision to deny renewal of her license on the ground that she engaged in an undisclosed partnership with her husband, petitioner Irwin Silverman,[3] is both arbitrary and capricious. While I agree that the Board's interpretation of its own regulations is entitled to some deference, the Board did not explain in its determination either what constitutes a proscribed "partnership" within the meaning of 12 NYCRR 302-2.3 or what aspects of petitioner's relationship with her husband it considered relevant in determining that a partnership did exist. That decision was entirely subjective, best summed up by the comment of one Board panel member during the oral review who stated, "Sounds like a partnership to me." Something more substantial than an "I know it when I see it" analysis should be used before petitioner is deprived of the license that she held and extensively practiced under for decades.

For these reasons, I dissent. Ordered that the judgment is affirmed, without costs.

 ---

**3.** He is an attorney who specializes in Workers' Compensation Law matters.