Stein, J.
We affirm. Pursuant to Workers’ Compensation Law § 24-a, the Board may issue licenses to nonattorneys to appear before the Board “in accordance with the rules established by it” *1424 (Workers’ Compensation Law § 24-a [1]). Licensed representatives are a unique statutory creation in that — despite the fact that they are not attorneys — they are permitted to represent claimants before the Board (see Martin Minkowitz, Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 24-a). Importantly, the applicable regulations require that a licensed representative have “a competent knowledge of the law and regulations relating to workers’ compensation matters and the necessary qualifications to render service to his or her client” (12 NYCRR 302-1.2 [a] [6]; see 12 NYCRR 302-1.4), and permit the Board, in its discretion, to require an applicant for renewal of a license to submit to an oral review to demonstrate such knowledge (see 12 NYCRR 302-1.4).
Here, during petitioner’s oral review, the Board questioned her regarding her knowledge of the February 2010 full Board decision in Employer: American Axle (2010 WL 2417972, 2010 NY Wrk Comp LEXIS 2560 [Feb. 4, 2010]), which established specific guidelines to be followed by claimants in order to demonstrate their attachment to the labor market for purposes of obtaining workers’ compensation benefits. In the Board’s view, petitioner’s responses to such inquiry demonstrated that she was not familiar with the implications of that case, despite the fact that it had been cited in at least three adverse determinations issued to petitioner’s clients prior to her oral review. Upon our examination of the record, we cannot say that the Board’s conclusion was without a rational basis. Nor can we say, given the potential impact to petitioner’s clients of the American Axle case, that her lack of familiarity therewith is inconsequential.
We similarly find adequate support in the record for the Board’s determination that petitioner failed to disclose a partnership relationship with Silverman as required by 12 NYCRR 302-2.3. In reviewing such determination, we accord some deference to the Board’s interpretation of its own regulations (see Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 548-549 [1997]; Matter of Lefkowitz v Public Serv. Commn. of the State of N.Y., 77 AD3d 1043, 1044 [2010]) and, contrary to petitioner’s contention, the Board is not limited to the definition of partnership contained in the Partnership Law. In determining whether a partnership exists, no one factor is controlling, and the Board could properly consider the overall relationship between petitioner and Silver-man “in terms of their express or implied intent to exercise joint control and management of the business and to share its profits and losses” (Sterling v Sterling, 21 AD3d 663, 665 [2005] [internal citations omitted]).
*1425 The record here reflects that, not only did petitioner and Silverman share office space, skill and knowledge and cover for each other at hearings on behalf of their respective clients, Silverman also represented most of petitioner’s clients before the full Board without remuneration. While there was some evidence to support a contrary conclusion, viewing the business relationship between petitioner and Silverman as a whole, we find sufficient grounds for the Board’s determination that a partnership existed, which petitioner did not disclose to the Board. Upon our review of the record in its entirety, we are therefore satisfied that the Board’s decision to deny renewal of petitioner’s license had a rational basis and was not arbitrary and capricious (see generally Matter of Raymond Hadley Corp. v New York State Dept. of State, 86 AD3d 899, 900 [2011]), and we discern no reason to disturb it. Accordingly, Supreme Court properly dismissed the petition.
Peters, EJ., Rose and Egan Jr., JJ., concur.