In the Matter of SUZANNE CORNELIUS et al., Petitioners, v CITY OF ONEONTA et al., Respondents. [898 NYS2d 272]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Otsego County) to review a determination of respondent City of Oneonta Common Council which denied petitioners' application for a special use permit.

Petitioners are the resident owners of a single-family Victorian-era home on Draper Street in the City of Oneonta, Otsego County, which they renovated and restored from a former three-unit rental building. In November 2008, they applied for a special use permit to allow rental of their home to summer tenants in 2009 under the City of Oneonta summer transient occupancy ordinance (*see* City of Oneonta Municipal Code § 300-

46 [V] [as amended Aug. 9, 2008]). This permitted use allows the rental of residential property for up to two weeks on two or more occasions during a six-month period. After a meeting and a decision denying the application in December 2008, which is not in this record and which the parties soon apparently agreed was null and void, respondent City of Oneonta Common Council (hereinafter Council) held new public meetings in March 2009 (the three-month delay remains unexplained).

At the public hearings, it was established that petitioners' application satisfied all of the legislative requirements and contained all necessary materials for the special use permit (see City of Oneonta Municipal Code § 300-46 [V] [1]-[4]). The summer transient occupancy ordinance provides a list of criteria upon which the Council may, in its discretion, deny a special use permit; the only one at issue concerned "[a]ny other documented reasonable and rational factors or combination of factors . . . that would cause a clearly detrimental impact on the neighborhood" (City of Oneonta Municipal Code § 300-46 [V] [5] [d]).[1] At a March 3, 2009 public hearing, generalized concerns were raised by neighbors, citizens and some Council members regarding possible inadequate off-street parking, noise, safety and vehicle congestion; concerns were voiced that the subject street is a narrow (width unspecified) residential dead-end street, at the end of which is located a residence owned by Hartwick College that occasionally generates additional vehicle traffic. Petitioners clarified their intent to seek monthly rentals (rather than weekly) and that their submitted proposed summer lease limited the occupancy to three persons. They were agreeable to limiting their tenants to a total of two vehicles, which would comfortably fit in their 84-foot-long driveway where five cars can be parked and which is wide enough to turn a vehicle around. In addition, they had a single-car garage where they currently parked one of their own vehicles, obviating the need for tenants to use available on-street parking.[2] At a March 17, 2009 public meeting, the Council received additional adverse input concerning the proposal, but now concedes that petitioners had no opportunity to respond thereto.

---

1. There was no indication that any of the mandatory grounds for the denial of a permit were in issue (see City of Oneonta Municipal Code § 300-46 [V] [6]).

2. Notably, petitioners went well beyond satisfying the condition that the single-family rental have "at least one off-street parking space for each rental dwelling unit" (City of Oneonta Municipal Code § 300-46 [V] [4] [d]). No evidence was adduced that the limited "proposed special permit use would have a greater impact on traffic than would other uses unconditionally permitted," such as the current use (Matter of Robert Lee Realty Co. v Village of Spring Val., 61 NY2d 892, 894 [1984]).

The Council voted to deny the application at the March 19, 2009 meeting, and issued a written decision that failed to state any reason for the denial, as required (*see* City of Oneonta Municipal Code § 300-46 [V] [7]; *cf. Matter of Steenrod v City of Oneonta*, 69 AD3d 1030 [2010]). Petitioners then commenced this special proceeding to annul that determination by order to show cause dated May 6, 2009 and returnable June 12, 2009, which Supreme Court transferred to our Court pursuant to CPLR 7804 (g) by order dated and entered July 27, 2009.

Initially, we note that this matter should have been decided by Supreme Court and should not have been transferred to our Court pursuant to CPLR 7804 (g), further protracting this matter. The administrative determination to deny this special use permit arose from informal public meetings which, although required (*see* City of Oneonta Municipal Code § 300-46 [V] [1]), did not involve the formal receipt of evidence submitted "pursuant to direction by law" or the taking of sworn testimony within the meaning of CPLR 7803 (4). As such, the public meetings here were "clearly not . . . quasi-judicial hearing[s] and, thus [were] not the type of hearing[s] contemplated by CPLR 7803 (4)"; thus, the substantial evidence issue was not properly raised in this petition (*Matter of Bonded Concrete v Town Bd. of Town of Rotterdam*, 176 AD2d 1137, 1138 [1991]; *see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769-772 [2005], *appeal dismissed* 6 NY3d 890 [2006], *lv denied* 7 NY3d 708 [2006]; *see also* General City Law § 81-c [4]). "The mere fact that the petition alleges the lack of substantial evidence supporting the determination *is not dispositive*" (*Matter of Bonded Concrete v Town Bd. of Town of Rotterdam*, 176 AD2d at 1137 [emphasis added]), as the appropriateness of a transfer turns upon Supreme Court's independent assessment of the type of hearing held preceding the administrative determination and whether the substantial evidence test is actually applicable, and not on a petitioner's characterization of the standard of review or issues to be raised (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:8, at 679). We will, in the interest of judicial economy, and given the already delayed path of this application, retain jurisdiction over the matter and entertain the petition (*see Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba*, 238 AD2d 93, 96-97 [1998]).

Turning to the petition, we are constrained to find that the controversy is moot given that the 2009 summer rental season for which petitioners sought a special use permit has long since passed, and the city ordinance requires a new application for

each season (see City of Oneonta Municipal Code § 300-46 [V] [1]). The ordinance specifically provides that a "[p]rior year's issuance of a special use permit does not imply/guarantee approval of subsequent applications" (City of Oneonta Municipal Code § 300-46 [V] [5]). Thus, issuance of a permit now for the 2009 summer season would not "directly affect[ ]" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]) petitioners' future similar applications[3] and cannot undo any harm already sustained by the denial. While the ordinance provides that the City Clerk has authority to "immediately approve" a renewal application if all requirements and criteria are satisfied, whereas "new" applications are submitted by the City Clerk to the Common Council for review and a hearing, nonetheless issuance of a permit for the 2009 season would not require summary approval of any subsequent renewal application (see City of Oneonta Municipal Code § 300-46 [V] [1], [2], [7]). Moreover, consideration is given in renewal applications to failure to conform to the previous year's special use permit and to any noise ordinance violations during the year prior (see City of Oneonta Municipal Code § 300-46 [V] [5] [a], [d]). An award of the permit now to allow petitioners to apply as renewers in 2010 would subvert that renewal process.

Although the issues raised here are likely to recur, we are not persuaded that they will "typically evad[e] review" so as to merit consideration despite mootness (Matter of Hearst Corp. v Clyne, 50 NY2d at 715). Under the ordinance, applications for summer transient occupancy special use permits may be submitted beginning September 1 for the upcoming summer season, and the City Clerk is required to notify applicants of a decision "within 45 days[4] of application" (City of Oneonta Municipal Code § 300-46 [V] [1], [7]). This time frame would ordinarily allow ample opportunity to obtain timely relief in a CPLR article 78 proceeding challenging the determination. As such determinations will not in a typical case evade review, and the issues raised are not "substantial and novel" (Matter of Hearst Corp. v Clyne, 50 NY2d at 715), we are not persuaded to invoke the exception to the mootness doctrine (see id. at 714-715; see also Cuomo v Long Is. Light. Co., 71 NY2d 349, 354 [1988]; Matter of David C., 69 NY2d 796, 797 [1987]; Shelton v New York State Liq. Auth., 61 AD3d 1145, 1147 [2009]).

---

**3.** While the petition seeks incidental monetary relief, no facts are alleged to support such relief.

**4.** Petitioners reportedly waived the 45-day requirement, after the Council's December 23, 2008 decision denying their special use permit was, on agreement of the parties, annulled.

Cardona, P.J., Peters, Stein and Garry, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.