■ In the Matter of RAYMOND HADLEY CORPORATION, Petitioner, v NEW YORK STATE DEPARTMENT OF STATE et al., Respondents, et al., Respondent. [928 NYS2d 111]—

---

Malone Jr., J.

In 2008, petitioner applied for and received a building permit from the local code enforcement official of respondent Village of Spencer in Tioga County to construct a 40,000-square-foot warehouse to store products related to its food packaging business. Based upon the building plans submitted by petitioner with its application, the building permit allowed petitioner to construct a warehouse with an occupancy classification in Storage Group S-1 (moderate hazard storage) (*see* Building Code of NY State § 311.2 [2007]). Thereafter, the local code enforcement official consulted with a representative from respondent Department of State's Division of Code Enforcement and Administration (hereinafter DCEA) and it was determined that a certificate of occupancy could not be issued for the warehouse if it was completed according to petitioner's plans because, as is relevant here, without fire walls it would exceed the maximum floor area for Storage Group S-1 occupancy (*see* Building Code of NY State § 503 [2007]). In April 2009, petitioner filed an application for a variance or appeal with DCEA, arguing, among other things, that the local code enforcement official should have classified the warehouse in Storage Group S-2 (low hazard storage).

Respondent Department of State Capital Region—Syracuse Board of Review (hereinafter the Board) conducted a hearing on petitioner's application in June 2009, after which it upheld the local code enforcement official's occupancy classification of the building in Storage Group S-1 (moderate hazard storage), among other things. Petitioner commenced this CPLR article 78 proceeding challenging that determination, and Supreme Court transferred the matter to this Court.

Preliminarily, we note that because the Board was not required by law to conduct a hearing prior to issuing its determination (*see* 19 NYCRR 1205.5 [c], [e], [f]), the appropriate standard of review here is whether the Board's determination is arbitrary and capricious, not whether it is supported by substantial evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale &*

*Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Metropolitan Taxicab Bd. of Trade v Boardman*, 270 AD2d 633, 634 [2000]). Therefore, the proceeding was improperly transferred to this Court pursuant to CPLR 7804 (g). Nevertheless, in the interest of judicial economy, we will retain jurisdiction and determine the merits of the proceeding (*see Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba*, 238 AD2d 93, 96 [1998]).

The Board's determination that petitioner's warehouse is properly classified in Storage Group S-1 (moderate hazard storage) under Building Code of New York State § 311.2 (2007) is not arbitrary and capricious. Storage Group S-2 (low hazard storage) buildings are "buildings used for the storage of noncombustible materials," including "[f]oods in noncombustible containers" (Building Code of NY State § 311.3 [2007]). Storage Group S-2 also includes "noncombustible materials such as products on wood pallets or in paper cartons with or without single thickness divisions; or in paper wrappings. Such products are permitted to have a negligible amount of plastic trim, such as . . . film wrapping" (Building Code of NY State § 311.3 [2007]). Buildings that do not meet the requirements of the Storage Group S-2 classification fall within the Storage Group S-1 classification (*see* Building Code of NY State § 311.2 [2007]).

At the hearing, petitioner presented evidence that food products arrive at its plant in bulk. Petitioner repackages the food products into paper cartons that are stored on wood pallets and wrapped in plastic. Based upon this evidence, and after consulting the commentary to the International Building Code, the code upon which the Building Code of New York State (2007) is based, the Board concluded that, because the food products are "packaged in more than one layer of combustible packaging material" (International Building Code Commentary, International Building Code § 311.3, at 3-56 [2003]), the building should be classified in Storage Group S-1. On this record, we find the Board's interpretation of the Building Code of New York State (2007), as well as its reliance on the commentary to the International Building Code, to be reasonable (*see Matter of Marzec v DeBuono*, 95 NY2d 262, 266 [2000]; *Matter of County of St. Lawrence v Daines*, 81 AD3d 212, 217 [2011], *lv denied* 17 NY3d 703 [2011]). Accordingly, we find no basis to disturb the Board's determination.

Petitioner's remaining contentions, including its claim that it did not receive a fair hearing, have been considered and found to be unpersuasive.

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.