Garry, J.P.
Appeals (1) from a judgment of the Supreme Court (Reilly Jr., J.), entered October 28, 2015 in Schenectady County, which dismissed petitioners’ application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioners’ application for a mass gathering permit, and (2) from an order of said court, entered February 8, 2015 in Schenectady County, which denied petitioners’ motion to renew and reargue.
In January 2015, petitioner Lunar Pursuit, LLC submitted an application to respondent John J. Frame, the Director of respondent Schenectady County Public Health Services Environmental Health Unit and an officer of respondent County of Schenectady, for a mass gathering permit to hold a music festival called Camp Bisco in July 2015 on the premises of petitioner Indian Lookout Country Club, Inc. in Schenectady County. In April 2015, respondents denied the application on multiple grounds, including Lunar Pursuit’s failure to provide adequate transportation and emergency operations plans, demonstrate that it had the financial resources to execute the submitted plans, procure an adequate amount of liability insurance, and provide an adequate plan to prevent the use of dangerous drugs during the festival. Petitioners commenced this CPLR article 78 proceeding seeking to annul respondents’ determination. Respondents opposed the petition, and, in October 2015, Supreme Court found that respondents had a rational basis to deny the permit and dismissed the petition. Petitioners moved to renew and reargue, which respondents opposed and the court denied. Petitioners appeal from the judgment dismissing the petition and the order denying the motion.
The record reveals that, in July 2015, the Camp Bisco music festival that petitioners had hoped to hold in Schenectady County took place in Pennsylvania. As a result, no “actual controversy” remains to be decided as to the 2015 application (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Presero. Commn., 2 NY3d 727, 728-729 [2004] [internal quotation marks and citation omitted]). Further, the State Sanitary Code requires any party seeking a permit for a mass gathering to file a new application for each event, and nothing in the pertinent regulations suggests that *1399 approval or denial of an application has any effect on the likelihood of approval of subsequent applications (see 10 NYCRR 7-4.2 [c]; see generally 10 NYCRR subpart 7-4). Thus, a determination as to whether the 2015 application should have been granted “would not directly affect petitioners’ future similar applications and cannot undo any harm already sustained by the denial” (Matter of Cornelius v City of Oneonta, 71 AD3d 1282, 1285 [2010] [internal quotation marks, brackets, footnote and citation omitted]). Accordingly, the matter is moot (see Matter of Gold-Greenberger v Human Resources Admin. of City of N.Y., 77 NY2d 973, 974 [1991]; Matter of Bouck v New York State Off. of Temporary & Disability Assistance, 134 AD3d 1316, 1317 [2015]).
The exception to the mootness doctrine permits judicial review of novel or substantial issues that are otherwise moot, but are likely to recur and capable of evading review (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; Matter of Schermerhorn v Becker, 64 AD3d 843, 845 [2009]). Although some of the issues presented here may recur if petitioners file another application in the future, the State Sanitary Code requires each application for a mass gathering permit to be accompanied by “plans, reports and specifications” providing for such matters as food and water supplies, sanitary facilities, medical care, fire protection “and such other matters as may be appropriate for security of life or health” (10 NYCRR 7-4.2 [b]). It would be speculative to assume that such a particularized application for a future event taking place under different circumstances would include the same plans that respondents rejected in 2015. Further, we are not persuaded that such a future application would be “sufficiently evanescent to evade review” (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Presero. Commn., 2 NY3d at 729). The only time constraint that the State Sanitary Code imposes upon mass gathering permit applications is a requirement that they must be submitted “at least 15 days before the first day of advertising and at least 45 days before the first day of the gathering” (10 NYCRR 7-4.2 [b]). We have duly considered petitioners’ argument that we consider this matter in light of the underlying business realities. Ultimately, however, given this broad time frame, nothing in the submissions reveals any obstacle that would prevent petitioners from making a future application in advance so as to allow timely review through a CPLR article 78 proceeding (see Matter of Cornelius v City of Oneonta, 71 AD3d at 1285). Finally, we find nothing “substantial and novel” in the highly fact-specific issues presented here (Matter of Hearst Corp. v Clyne, 50 NY2d *1400 at 715). Thus, the exception to the mootness doctrine does not apply (see Matter of Gold-Greenberger v Human Resources Admin. of City of N.Y., 77 NY2d at 974-975; Matter of Cornelius v City of Oneonta, 71 AD3d at 1284-1285; Shelton v New York State Liq. Auth., 61 AD3d 1145, 1147-1148 [2009]). Petitioners’ appeal from the denial of their motion for renewal and reargument is likewise moot.
Egan Jr., Rose, Devine and Aarons, JJ., concur.
Ordered that the appeals are dismissed, as moot, without costs.