Matter of 2-4 Kieffer Lane LLC v County of Ulster (2019 NY Slip Op 03722)





Matter of 2-4 Kieffer Lane LLC v County of Ulster


2019 NY Slip Op 03722


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

527417

[*1]In the Matter of 2-4 KIEFFER LANE LLC, Appellant-Petitioner,
v
COUNTY OF ULSTER, AND JUDGMENT Respondent, and ULSTER COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents- Respondents.

Calendar Date: March 21, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Rumsey, JJ.


Timothy P. McColgan, New Paltz, for appellant-petitioner.
Hodgson Russ LLP, Buffalo (Charles W. Malcomb of counsel), for respondents-respondents.



MEMORANDUM AND ORDER
Clark, J.
(1) Appeal from that part of a judgment of the Supreme Court (Mott, J.), entered February 12, 2018 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted a motion by respondent Ulster County Industrial Development Agency for counsel fees, and (2) proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Ulster County Industrial Development Agency denying petitioner's application for sales and use tax exemptions.
In April 2017, petitioner submitted an application to respondent Ulster County Industrial Development Agency (hereinafter the IDA) seeking sales and use tax exemptions for a project involving the purchase of eight mobile cranes. Following a public hearing on its application, petitioner submitted an amended application, which eliminated seven of the eight mobile cranes from its proposal and substituted in their place four luffing tower cranes and one six-ton guyline derrick, leaving only one mobile crane as part of the application. A consultant engaged by the IDA thereafter concluded that, although the project's mobile crane capacities could be matched by another provider within Ulster County, 75% of the proposed investment for the project would not otherwise be available from existing county providers. Petitioner subsequently submitted a second amended application, further altering the project's description by excluding the purchase of mobile cranes altogether and including the purchase of five tower cranes, one six-ton guyline derrick and one 17-ton derrick. Due to the substantial modifications [*2]made to petitioner's original application, the IDA conducted a second public hearing. Following that hearing, the IDA denied petitioner's application for sales and use tax exemptions.
Petitioner then commenced a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging the IDA's determination. The IDA and its members (hereinafter collectively referred to as respondents) answered and the IDA counterclaimed for counsel fees on the basis that petitioner had agreed in its application to indemnify it against any and all liability arising out of its determination and for all costs and expenses, including counsel fees, incurred in defending any suits or actions arising out of the same. Respondents subsequently moved for dismissal of petitioner's declaratory judgment claims as seeking relief that was duplicative of the relief requested in the CPLR article 78 proceeding, and the IDA moved for summary judgment on its counterclaim. Supreme Court, among other things,[FN1] granted the IDA summary judgment on its counterclaim for counsel fees, converted petitioner's declaratory judgment claims into CPLR article 78 claims and transferred the proceeding to this Court "to address the substantial evidence question and related issues." Petitioner then appealed from that part of Supreme Court's judgment that granted the IDA counsel fees.
Initially, Supreme Court improperly transferred the proceeding to this Court pursuant to CPLR 7804 (g). "[T]he appropriateness of a transfer turns upon Supreme Court's independent assessment of the type of hearing held preceding the administrative determination and whether the substantial evidence test is actually applicable" (Matter of Cornelius v City of Oneonta, 71 AD3d 1282, 1284 [2010]). Here, the administrative determination followed a public hearing which, although required (see General Municipal Law § 859-a [2]), "did not involve the formal receipt of evidence submitted 'pursuant to direction by law' or the taking of sworn testimony within the meaning of CPLR 7803 (4)" (Matter of Cornelius v City of Oneonta, 71 AD3d at 1284; see Matter of TAC Peek Equities, Ltd. v Town of Putnam Val. Zoning Bd. of Appeals, 127 AD3d 1216, 1216 [2015]). Thus, the substantial evidence issue was not properly raised in the petition, and the matter should have been decided by Supreme Court (see Matter of Raymond Hadley Corp. v New York State Dept. of State, 86 AD3d 899, 901 [2011]; Matter of Cornelius v City of Oneonta, 71 AD3d at 1284). Nevertheless, we will, in the interest of judicial economy, retain jurisdiction and examine the merits of the petition (see Matter of Raymond Hadley Corp. v New York State Dept. of State, 86 AD3d at 901; Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba, 238 AD2d 93, 96 [1998]).
Turning to the merits, inasmuch as the IDA's determination was not made after the type of hearing contemplated by CPLR 7803 (4), the question before us is whether the determination was affected by an error of law, was arbitrary or capricious or lacked a rational basis (see Matter of TAC Peek Equities, Ltd. v Town of Putnam Val. Zoning Bd. of Appeals, 127 AD3d at 1217; Matter of Raymond Hadley Corp. v New York State Dept. of State, 86 AD3d at 901). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009] [citation omitted]; accord Matter of Kittle v D'Amico, 141 AD3d 991, 993 [2016], lv denied 28 NY3d 911 [2017]). Furthermore, even if a different result would not have been unreasonable, an agency determination will be sustained if it has a rational basis (see Matter of Spence v New York State Dept. of Agric. & Mkts., 154 AD3d 1234, 1238 [2017], affd 32 NY3d 991 [2018]).
Generally, the IDA is precluded from providing financial assistance to any project "where facilities or property that are primarily used in making retail sales to customers who personally visit such facilities constitute more than one-third of the total project cost" (General Municipal Law § 862 [2] [a]). However, in support of its application, petitioner relied on one of the exceptions to this general prohibition. That exception states that the IDA may provide financial assistance to such a retail project where "the predominant purpose of the project would be to make available goods or services which would not, but for the project, be reasonably [*3]accessible to the residents of the city, town, or village within which the proposed project would be located because of a lack of reasonably accessible retail trade facilities offering such goods or services" (General Municipal Law § 862 [2] [b]). The IDA must, prior to providing financial assistance, engage in a "cost-benefit analysis" that considers, among other things, "the extent to which [the] project will create or retain permanent, private sector jobs; the estimated value of any tax exemptions to be provided; the amount of private sector investment generated or likely to be generated by the proposed project; the likelihood of accomplishing the proposed project in a timely fashion; . . . the extent to which the proposed project will provide additional sources of revenue for municipalities and school districts; and any other public benefits that might occur as a result of the project" (General Municipal Law § 859-a [5] [b]).
Here, in denying petitioner's application, the IDA reasonably concluded that the goods/services proposed by petitioner were not sufficiently unique or different from the cranes provided by an existing local crane company and that there was little or no demonstrated need for tower cranes within Ulster County. Indeed, petitioner was unable to identify any existing or anticipated projects in the county that required tower cranes and did not provide any evidence to demonstrate that tower cranes had been recently used within the county. Additionally, as reflected in the minutes of the second public hearing, the crane company that already existed in Ulster County at the time of petitioner's application was willing to provide tower cranes if a need were ever to arise in the county. Furthermore, in evaluating petitioner's application, the IDA considered its uniform set of criteria (see General Municipal Law § 859-a [5] [b]) and reasonably concluded, among other things, that petitioner failed to persuasively demonstrate that the project facility would be sited in Ulster County, that the project would create new, permanent jobs within the county or that the project would create significant new tax revenue for local municipalities. In light of the foregoing, we find that the IDA's determination is supported by a rational basis and was not arbitrary or capricious or affected by an error of law (see Matter of Iskalo 5000 Main LLC v Town of Amherst Indus. Dev. Agency, 147 AD3d 1414, 1416 [2017], lv denied 29 NY3d 919 [2017]). Contrary to petitioner's contention, the IDA was not bound by the consultant's opinion, particularly because it was given prior to petitioner's final amendment to its application. Finally, we note that, even if the IDA had found petitioner to be eligible for the sales and use tax exemptions, the relevant statutory provision states only that the IDA may provide the requested financial assistance; the IDA is not required to do so (see General Municipal Law § 862 [2]).
Next, we agree with Supreme Court that the indemnification provision to which petitioner agreed requires petitioner to pay the IDA's counsel fees and expenses. The language of the indemnification provision was broad and highly inclusive, applying to "any and all liability" arising out of the IDA's examination, processing and determination of petitioner's application, as well as "all causes of action and attorneys' fees and any other expenses incurred in defending any suits or actions which may arise as a result of any of the foregoing." The provision did not exclude intra-party claims or otherwise limit petitioner's obligation to indemnify the IDA. Accordingly, as we find the parties' intent to be evident from the plain language of the agreement, Supreme Court properly granted the IDA's application for counsel fees and expenses "in an amount to be determined at the close of proceedings" (see Crossroads ABL LLC v Canaras Capital Mgt., LLC, 105 AD3d 645, 645-646 [2013]; compare Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]; Matter of Iskalo 5000 Main LLC v Town of Amherst Indus. Dev. Agency, 147 AD3d at 1416).
Garry, P.J., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Respondent County of Ulster separately moved to dismiss the petition insofar as asserted against it, and Supreme Court granted that motion.