Garnet Health Med. Ctr.-Catskills v Center for Discovery, Inc. (2023 NY Slip Op 03823)

Garnet Health Med. Ctr.-Catskills v Center for Discovery, Inc.

2023 NY Slip Op 03823

Decided on July 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 13, 2023

534872
[*1]Garnet Health Medical Center-Catskills, Formerly Known as Catskill Regional Medical Center, et al., Respondents,
v
Center for Discovery, Inc., Appellant, et al., Defendant. Mental Hygiene Legal Service, on Behalf of J.G., Respondent.

Calendar Date:June 8, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ.

Moritt Hock & Hamroff LLP, Garden City (Robert L. Schonfeld of counsel), for appellant.
MacVean, Lewis, Sherwin & McDermott, PC, Middletown (Jeffrey D. Sherwin of counsel), for Garnett Health Medical Center-Catskills, respondent.
Hinkle Prior & Fischer, Lawrenceville, New Jersey (Maria Fisher, admitted pro hac vice, of counsel), for D.G., respondent.
Sheila E. Shea, Mental Hygiene Legal Service, Albany (Shannon L. Stockwell of counsel), for Mental Hygiene Legal Service, respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Kevin R. Bryant, J.), entered February 28, 2022 in Sullivan County, which denied a motion by defendant Center for Discovery, Inc. to dismiss the complaint.
Defendant Center for Discovery, Inc. (hereinafter CFD) is certified by defendant Office for People with Developmental Disabilities to operate a residential facility and provide services to individuals with developmental disabilities in Sullivan County. J.G., who has been a resident at CFD since July 2006, was admitted to plaintiff Garnet Health Medical Center-Catskills (hereinafter Garnet) in November 2021 to address several acute medical conditions. Garnet treated J.G. and sought to discharge him to CFD as of December 22, 2021. CFD refused to accept J.G. back to its facility, claiming it was unable to provide the level of services required by J.G.
In January 2022, Garnet commenced this action seeking a court order directing CFD to accept J.G. CFD moved to dismiss the action alleging that Garnet lacked standing. In response, plaintiff D.G., individually and as father and legal guardian of J.G., joined Garnet in filing an amended complaint seeking a declaratory judgment specifically finding that CFD's actions constituted a constructive discharge, and that, as such, pursuant to 14 NYCRR 633.12, CFD was required to afford J.G. an opportunity to object to the discharge and to remain a resident of the facility pending the administrative process attendant to said objection. Mental Hygiene Legal Service, on behalf of J.G., joined issue in February 2022. Following a hearing, Supreme Court determined that J.G. no longer required hospitalization, that CFD's refusal to accept J.G. constituted a discharge and that pending further administrative proceedings in accordance with 14 NYCRR 633.12, CFD must immediately accept J.G. and provide necessary services to him. CFD appeals.
As the record demonstrates that J.G. is back residing at CFD and, as of this date, has been so residing for over a year, we agree with plaintiffs that the appeal is moot. "It is well settled that a court's jurisdiction extends only to live controversies and, thus, an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the [order]" (Owner Operator Ind. Drivers Assn., Inc. v Karas, 188 AD3d 1313, 1316 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Correction Officers Benevolent Assn., Inc. v Poole, 188 AD3d 1525, 1527 [3d Dept 2020]). The immediate relief sought by Garnet, the discharge of J.G. to CFD, was addressed and accomplished. Moreover, the acute medical conditions necessitating J.G.'s hospitalization and subsequent discharge, which prompted this action, have been resolved. A judicial determination as to whether CFD's refusal to accept J.G. constituted a constructive discharge and whether CFD was capable of providing [*2]necessary services for J.G. at that time would have no practical effect now. Furthermore, this Court could not undo any alleged harm sustained by Supreme Court's determination as Garnet now could not be required to hospitalize J.G. without any acute medical condition. "Where, as here, a change in circumstances resolves the matter and no controversy remains, the appeal should be dismissed as moot" (Matter of Anonymous v New York City Health & Hosps. Corp., 70 NY2d 972, 974 [1988]; see Matter of Lunar Pursuit, LLC v Frame, 149 AD3d 1398, 1399 [3d Dept 2017]; Matter of Ballard v New York Safety Track LLC, 126 AD3d 1073, 1075 [3d Dept 2015]).
CFD contends that the appeal should be decided on the merits under the exception to the mootness doctrine. "An exception to the mootness doctrine exists, thus permitting judicial review, where the issues are substantial or novel, likely to recur either between the parties or between other members of the public, and involve a phenomenon typically evading review" (Matter of Police Benevolent Assn. of N.Y., Inc. v State of New York, 161 AD3d 1430, 1431 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Correction Officers Benevolent Assn., Inc. v Poole, 188 AD3d at 1529). The issues involved in this case are not "novel" and do not "typically evade review" as evinced by this Court's recent decision in Matter of Developmental Disabilities Inst., Inc. v New York State Off. for People with Dev. Disabilities (214 AD3d 1101 [3d Dept 2023]), wherein we addressed and determined like issues. As the significant issues in this matter have been addressed and are settled questions, we are prohibited from giving an advisory opinion or ruling on hypothetical inquiries untethered to any live dispute (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810 [2003], cert denied 540 US 1017 [2003]; Matter of Micklas v Town of Halfmoon Planning Bd., 170 AD3d 1483, 1487-1488 [3d Dept 2019]). Thus, the exception to the mootness doctrine is not applicable and the appeal must be dismissed (see Matter of Correction Officers Benevolent Assn., Inc. v Poole, 188 AD3d at 1529; Owner Operator Ind. Drivers Assn., Inc. v Karas, 188 AD3d at 1316; Matter of Lamb v New York State Dept. of Motor Vehs., 187 AD3d 1269, 1270 [3d Dept 2020]; Matter of Lunar Pursuit, LLC v Frame, 149 AD3d at 1399-1400).
Garry, P.J., Egan Jr., Pritzker and McShan, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.