Matter of Cambridge Cent. Sch. Dist. v New York State Educ. Dept. (2023 NY Slip Op 06290)

Matter of Cambridge Cent. Sch. Dist. v New York State Educ. Dept.

2023 NY Slip Op 06290

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

535910
[*1]In the Matter of Cambridge Central School District et al., Appellants,
v
New York State Education Department et al., Respondents, et al., Respondents.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Honeywell Law Firm, PLLC, Albany (Paul M. Aloy of counsel), for appellants.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for New York State Education Department and another, respondents.

Ceresia, J.
Appeal from an amended judgment of the Supreme Court (Sara W. McGinty, J.), entered June 22, 2022 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education annulling a resolution adopted by petitioner Cambridge Central School District Board of Education.
Beginning in the 1950s, petitioner Cambridge Central School District (hereinafter the District) used the nickname "Indians" for its sports teams and had a mascot and logo reflecting Native American imagery. In 2001, after studying the issue, respondent Commissioner of Education (hereinafter the Commissioner) issued a statement calling upon school boards and superintendents in districts with Native American team nicknames, symbols or mascots to begin discussions with their communities, helping them "to understand the pain, however unintentionally inflicted, [that] these symbols cause." The Commissioner further requested that these school boards end their use of Native American nicknames and mascots "as soon as practical." In response, petitioner Cambridge Central School District Board of Education (hereinafter the Board) did not discontinue the use of the Indians nickname but instead made modifications to its logo, portraying a Native American individual in profile. In 2020, an individual of Native American descent who had graduated from high school in the District submitted a petition to the Board seeking to retire the team nickname and related imagery, asserting that such use was harmful to all students. Another individual of Native American descent who resided in the District then filed a counter-petition, arguing to retain the team nickname and imagery. The Board conducted a review of the matter over the course of the next six months, which included considering hundreds of pages of studies, written comments and other documents and conducting numerous public comment sessions.
In June 2021, the Board voted to retire the Indians nickname and all corresponding imagery. In July 2021, with a new member having been seated, the Board reversed course and resolved to reinstate the Indians nickname and imagery. Several parents of students in the District then administratively appealed the Board's adoption of the July 2021 resolution to the Commissioner and respondent State Education Department, and also requested a stay of that resolution (see Education Law § 310). The Commissioner issued a stay and ultimately sustained the appeal, ordering the Board to eliminate the use of the Indians nickname and imagery by July 1, 2022.
Thereafter, petitioners commenced the instant CPLR article 78 proceeding, claiming, among other things, that the Commissioner's decision was arbitrary and capricious. Following joinder of issue, Supreme Court upheld the Commissioner's determination and dismissed the petition. Petitioners appeal.
During the pendency of this appeal, the Commissioner's regulations were amended [*2]with the promulgation of a new Part 123, entitled "Use of Indigenous Names, Logos, or Mascots Prohibited." Effective May 3, 2023, the regulations provide that, subject to limited exceptions not applicable here, "no public school in the State of New York may utilize or display an Indigenous name, logo, or mascot other than for purposes of classroom instruction" (8 NYCRR 123.2). The regulations go on to require boards of education to adopt resolutions eliminating all Indigenous names, logos and mascots by the end of the 2022-2023 school year and to identify plans for such elimination "within a reasonable time, which shall be no later than the end of the 2024-2025 school year" (8 NYCRR 123.3 [a]).
We find that the foregoing regulations render this appeal moot. Judicial power is limited to active controversies, which do not include situations where "the requested relief is no longer available to [the] petitioner and . . . the rights of the parties cannot be affected by the determination of th[e] proceeding" (Matter of Ellis v Cawley, 154 AD3d 1225, 1226 [3d Dept 2017] [internal quotation marks, brackets and citation omitted], appeal dismissed 30 NY3d 1087 [2018]). The relief sought in the petition centered on petitioners being allowed to use the Indians nickname and imagery, but this relief cannot be obtained given the aforementioned regulations prohibiting school districts from using Native American nicknames and images (see 8 NYCRR 123.2). Accordingly, " '[w]here, as here, a change in circumstances resolves the matter and no controversy remains, the appeal should be dismissed as moot' " (Garnet Health Med. Ctr.-Catskills v Center for Discovery, Inc., 218 AD3d 939, 940 [3d Dept 2023], quoting Matter of Anonymous v New York City Health & Hosps. Corp., 70 NY2d 972, 974 [1988]).[FN1]
We are unpersuaded by petitioners' contention that the appeal is not moot because, as set forth in the phase-out portion of the regulations (see 8 NYCRR 123.3 [a]), other school districts have until the end of the 2024-2025 school year to complete the process of eliminating the use of Native American nicknames and imagery, whereas petitioners were required to do so by July 2022. Although the subject regulations were not in existence at the time that this proceeding was commenced, the fact remains that nowhere in the petition did petitioners argue that the time they had been given to implement the changes was in any way insufficient or unfair, nor did they make any request for additional time. Rather, petitioners only asserted that the Commissioner was incorrect and that they had the right to retain the Indians nickname and logo, a position that, as previously discussed, is no longer tenable. Furthermore, to the extent that petitioners' present grievance focuses on the discrepancy in timelines, petitioners' counsel acknowledged at oral argument that the District has already made the necessary changes.
Finally, petitioners have not argued, and we do not find, that the exception [*3]to the mootness doctrine applies (see Matter of Kopald v New York Pub. Serv. Commn., 204 AD3d 1108, 1110 [3d Dept 2022], lv denied 39 NY3d 957 [2022]). In light of our ruling herein, we need not reach petitioners' remaining contentions.
Garry, P.J., Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: Although petitioners' counsel made reference at oral argument to a separate challenge to the legality of the regulations that was recently filed in Supreme Court by another school district, we need only note that the regulations are presently valid and in effect, and any argument that they might possibly be invalidated at some point in the future is wholly speculative.