Matter of Tree Hill Innovations, LLC v New York State Cannabis Control Bd. (2025 NY Slip Op 07262)

Matter of Tree Hill Innovations, LLC v New York State Cannabis Control Bd.

2025 NY Slip Op 07262

Decided on December 24, 2025

Appellate Division, Third Department

Ceresia, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 24, 2025

CV-24-2005

[*1]In the Matter of Tree Hill Innovations, LLC, Appellant,
vNew York State Cannabis Control Board et al., Respondents.

Calendar Date:November 13, 2025

Before: Clark, J.P., Reynolds Fitzgerald, Lynch, Ceresia and Powers, JJ.

Law Office of Bernard V. Kleinman, PLLC, Somers (Bernard V. Kleinman of counsel), for appellant.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Sharon Graff, J.), entered November 14, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents directing the process by which adult-use cannabis license applications are reviewed.
In October 2023, respondents Cannabis Control Board and Office of Cannabis Management began accepting applications for licenses to cultivate, process, deliver, distribute or dispense adult-use cannabis within this state. By law, the Board was required to "actively promote applicants from communities disproportionately impacted by cannabis prohibition, and promote racial, ethnic, and gender diversity when issuing licenses for adult-use cannabis related activities," with a goal of awarding 50% of adult-use cannabis licenses to "social and economic equity" (hereinafter SEE) candidates (Cannabis Law § 87 [1], [2]). SEE candidates are defined as applicants from these impacted communities "or who qualify as a minority or women-owned business, distressed farmers, or service-disabled veterans" (Cannabis Law § 87 [1]). The Board was also required to give "extra priority" to any applicant who was from an affected community, had an income below a certain threshold and had been convicted of a marihuana-related offense or who had a particular family member who had been so convicted (Cannabis Law § 87 [3]).
Petitioner applied for cultivator, processor and distributor licenses as a SEE candidate, identifying itself as a women-owned business. After the application window closed in December 2023, respondents reviewed the pool of applicants to determine the order in which applications would be considered. To ensure compliance with the above-referenced statutory mandates while aiming for fairness in the review process, respondents decided to place each applicant into a queue by means of random computer-generated sequencing, with extra priority applicants being given two additional entries in the queue. Placement in a queue determined only the order in which applications would be reviewed, not the order in which they would be approved, nor was approval guaranteed. Although petitioner applied as a SEE candidate, it was not an extra priority candidate and therefore did not receive two extra entries in the queues for cultivator, processor and distributor licenses.
Petitioner thereafter commenced the instant CPLR article 78 proceeding against respondents, challenging the method by which license applications were reviewed and determined. Respondents answered, and Supreme Court dismissed the petition. Petitioner appeals. We agree that the petition must be dismissed, albeit for reasons different than those set forth by Supreme Court.
Turning first to petitioner's applications for processor and distributor licenses, the petition has been rendered moot. "It is well settled that a court's jurisdiction extends only to live controversies and, thus, an appeal will [*2]be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the order" (Matter of Albany-Schoharie-Schenectady-Saratoga Bd. of Coop. Educ. Servs. v Rosa, 234 AD3d 1034, 1035 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of Percinthe v Department of Corr. & Community Supervision, 227 AD3d 1347, 1347-1348 [3d Dept 2024], lv denied 42 NY3d 908 [2024]). Petitioner's applications for processor and distributor licenses have now been reviewed and approved, such that there has been a change of circumstances which resolves the matter, leaving no live controversy (see Matter of Cambridge Cent. Sch. Dist. v New York State Educ. Dept., 222 AD3d 1068, 1069 [3d Dept 2023]; Garnet Health Med. Ctr.-Catskills v Center for Discovery, Inc., 218 AD3d 939, 940 [3d Dept 2023]). To the extent that petitioner argues that the mootness doctrine is inapplicable to its distributor license because such license was made contingent upon receipt of a cultivator license, which has not yet been obtained, this argument relies on facts outside the record and, as such, we will not consider it (see Federal Natl. Mtge. Assn. v Banks, 198 AD3d 1222, 1225 [3d Dept 2021]; Bullock v Miller, 145 AD3d 1215, 1216 [3d Dept 2016]). Further, petitioner does not contend, nor do we find, that the exception to the mootness doctrine applies (see People ex rel. Nelson v Superintendent of Shawangunk Corr. Facility, 235 AD3d 1054, 1056 [3d Dept 2025], lv denied 44 NY3d 903 [2025]).
As to petitioner's application for a cultivator license, petitioner's claims are not ripe for review. It is undisputed that, as of the date of oral argument, this application remained in the queue, awaiting review by respondents. Thus, petitioner has failed to show any direct and immediate harm (see Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 520 [1986], cert denied 479 US 985 [1986]; Matter of New York Blue Line Council, Inc. v Adirondack Park Agency, 86 AD3d 756, 760 [3d Dept 2011], appeal dismissed 17 NY3d 947 [2011], lv denied 18 NY3d 806 [2012]). Notably, "the mere fact that petitioner[ ] may have to endure [respondents'] review process is not sufficient, without more, to constitute injury" for purposes of a ripeness inquiry (Matter of New York Blue Line Council, Inc. v Adirondack Park Agency, 86 AD3d at 761 [internal quotation marks, brackets and citation omitted]). Based upon our determination, petitioner's remaining arguments have been rendered academic.
Clark, J.P., Reynolds Fitzgerald, Lynch and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.